## JOB PEIRCE *versus* ORLANDO THOMPSON.

The holder of a promissory note bequeathed to his daughter and her heirs and assigns,
all the money due to him from the maker, who was her husband, and appointed the
husband his executor.  The husband inventoried the note, and in his administra-
tion account charged the amount of the legacy as paid, which charge was allowed;
and afterwards, being insolvent, in consideration of the delivery of the note to him,
he conveyed his real estate to a trustee for the use of his wife.  It was *held*, that
the legacy vested immediately in the husband, it not being a chose in action ; but
that if it were such, it was reduced by him to possession ; that the note was ex-
*tinguished before* the execution of the deed ; and that the deed was conseq*ue*ntly
made without consideration, and was void against prior creditors of the grantor·

THIS was a writ of entry, in which the demandant counted
on his own seisin, and a disseisin by the tenant.  The tenant
pleaded *nul disseisin.*

The parties stated a case.

The demanded premises were formerly parcel of the farm
of Nathaniel Thompson, who, on January 11, 1834, convey-
ed them to the tenant, by a deed containing the following
words :  " Know all men, that I, Nathaniel Thompson, of &c.,
in consideration of two hundred and forty-eight dollars, re-
ceived by me by the surrendering up to me and cancelling by
my wife, Joanna Thompson, of three several notes of hand,
which her father, John Tinkham, deceased, held against me at
the time of his death, and the proceeds of which notes he be-
queathed by his last will and testament to my said wife, the
said notes, together with the interest, amounting now to the
above sum, I do, by these presents grant, bargain, sell and
convey to Orlando Thompson, of &c., trustee of my said
wife, the following estate, &c.  To have and to hold the

premises from me, the said Nathaniel, and my heirs, to him
the said Orlando, in trust for my said wife, and his successor
or successors, for the use and benefit of my said wife and her
heirs and assigns for ever." The sum mentioned in the deed,
as the consideration, was the full value of the land conveyed

The tenant was the son of Nathaniel and Joanna Thomp-
son. The three notes referred to in the deed, were dated
February 19, 1821, July 24, 1821, and January 3, 1826, re-
spectively, and were all payable on demand.

Tinkham died in April, 1829, and by his will, devised to
his daughter, Joanna Thompson, certain real estate, and house-
hold furniture, " together with all the money due to me from
her husband, Nathaniel Thompson, to her and her heirs and
assigns for ever." Nathaniel Thompson and John Tinkham,
a son of the testator, were appointed executors and accepted
the trust. The three notes held by the testator were invento-
ried and appraised with his other estate. On November 2,
1830, the executors settled in the Probate Court, their ac-
count, in which was the following item, charged by the execu-
tors and allowed by the court : " Paid legacy to Joanna
Thompson, being in notes and furniture, $418·02." The
notes referred to were the three notes mentioned in the deed
to the tenant.

On February 19, 1834, the demandant sued out a writ
against Nathaniel Thompson, and having recovered judgment
against him at the August term 1834, of the Court of Com-
mon Pleas, caused the execution to be extended on the de-
manded premises. This judgment was founded on a debt due
to the demandant long before the execution of the deed to the
tenant.

It further appeared, that judgments were recovered against
Nathaniel Thompson, at the same August term of the Court
of Common Pleas, for debts due to other persons before and
at the time of the execution of the deed ; that he was at that
time aware that he was insolvent ; and that all his attachable e-
tate. including the demanded premises, had been since set off
in part satisfaction of the judgments recovered against him

If the Court should be of opinion, that the demandant could
maintain his action, the tenant was to be defaulted ; otherwise,
the demandant was to become nonsuit.

*Eddy* and *Stevens*, for the demandant, cited Clancey on Husb. and Wife, 3, 155, 262 ; Com. Dig. *Baron and Feme*, E 3 ; *Commonwealth* v. *Manley*, 12 Pick. 175 ; *Hobart* v. *Stone*, 10 Pick. 215 ; Toller, 347 ; Co. Litt. 240 ; *Clark* v. *Wentworth*, 6 Greenl. 259 ; *Lemon* v. *Thompson*, 1 Pennsyl. R. 482 ; *Palmer* v. *Trevor*, 1 Vernon, 261 ; Com. Dig. *Chancery*, 2 *M* 9 ; *Lumb* v. *Milnes*, 5 Vesey, 517 ; *Jacobs* v. *Amyatt*, 1 Madd. R. 376, note ; *Krause* v. *Beitel*, 3 Rawle, 199 ; *Williams* v. *Thompson*, 13 Pick. 298.

*Wood*, for the tenant, cited *Bullard* v. *Briggs*, 7 Pick. 533 , *Ward* v. *Shallet*, 2 Ves. sen. 16.

SHAW C. J. delivered the opinion of the Court. Upon the facts stated in the report, the Court are of opinion, that the conveyance made by Nathaniel Thompson to the tenant, in trust for the grantor's wife, was strictly a voluntary settlement. It was made without any valuable or legal consideration moving either from the wife, or from any other person, to the husband.

*Oct. 24th.*

Thompson was indebted to Tinkham, his wife's father, on several notes ; Tinkham, by his will, bequeathed this debt to the wife and died, leaving property more than sufficient to pay all his debts. By this bequest the property vested presently in the husband ; *Commonwealth* v. *Manley*, 12 Pick. 173 ; and therefore was the same in legal effect, as if the bequest had been in terms to the husband. Such a bequest by the creditor to the debtor, if there are assets without it, for payment of debts, is an extinguishment. *Hobart* v. *Stone*, 10 Pick. 215. But were this a chose in action, which it was necessary for the husband to reduce to possession, which we think it was not, it was effectually reduced to possession in the present case. The husband, as one of the executors, inventoried the notes, and afterwards acknowledged to have received them, as part of his legacy under the will, and had credit allowed as for so much paid, in his account as executor. The notes therefore were effectually extinguished and discharged, before this conveyance was made, and the conveyance was made without any valuable consideration. A post-nuptial settlement, though it may be good against heirs and other volunteers, is not valid against creditors and purchasers, unless made

Peirce
v.
Thompson.

upon valuable consideration. *Bullard* v. *Briggs*, 7 Pick. 533 , *Clark* v. *Wentworth*, 6 Greenl. 259. The broad distinction between this and the case of *Bullard* v. *Briggs* is, that there the wife relinquished an actual interest, which was under her own control, and which could only be alienated with her consent, which went to her husband, and might increase his funds for the payment of his debts, to an extent equal in value to the amount she received. It was therefore an exchange of one valuable interest for another, and not a voluntary gift. Here it was a gift purely voluntary, made by an insolvent man, and cannot be supported against the creditors of the grantor.

*Defendant defaulted.*